UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TRACY HANSON, o/b/o
JOSEPH HANSON (DECEASED),

    Plaintiff,

v.                                  CASE No. 8:07-CV-2226-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## ORDER

The plaintiff in this case seeks judicial review of the denial of her claim for Social Security disability benefits.[*] Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain any reversible error, the decision will be affirmed.

I.

The original claimant, Joseph Hanson, died on May 1, 2006, at age forty-five. He possessed a ninth grade education and worked primarily

---

[*] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 19).

as a short order cook (Tr. 23, 71). Hanson, who will be referred to as "claimant," filed a claim for Social Security disability benefits, alleging that he became disabled due to back and leg injuries (Tr. 70). The claim was denied initially, and upon reconsideration. The claimant's wife, Tracy Hanson, was substituted for the claimant after his death.

The wife, at her request, then received a de novo hearing before an administrative law judge (Tr. 51). The law judge found the claimant suffered from the following severe impairments: degenerative disc disease, sacroiliitis, hepatitis C, history of polysubstance dependence, and chronic narcotic medication misuse (Tr. 20). He further concluded that the impairments limited the claimant to a full range of light work (id.). The law judge found that, despite these limitations, the claimant could have returned to his past relevant work as a short order cook (Tr. 23). Consequently, the claimant was found to be not disabled (Tr. 24). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

A. In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by

reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3). The Act provides further that a claimant is not disabled if he is capable of performing his previous work. 42 U.S.C. 423(d)(2)(A).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings."

Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

B. The Commissioner's regulations set out what is termed a "sequential" analysis for deciding disability claims. See 20 C.F.R. 404.1520.

One of the threshold inquiries (step two) is whether a claimant has a severe impairment. 20 C.F.R. 404.1520(c). An impairment is not severe if it does not significantly limit a claimant's physical or mental abilities to do basic work activities. 20 C.F.R. 404.1521(a). If an impairment is not severe, then a claimant is deemed to be not disabled. 20 C.F.R. 404.1520(c).

When an impairment is severe, but does not meet, or equal, a listing in Appendix 1 (step three), a further inquiry (step four) is made as to whether the impairment prevents the claimant from doing past relevant work. 20 C.F.R. 404.1520(f). If a claimant cannot do such work, an additional determination (step five) is made concerning whether the claimant can perform other work which exists in significant numbers in the national economy. In such cases, the regulations direct that an individual's residual functional capacity, age, education and work experience be considered in determining whether the claimant is disabled. These factors are codified in tables of rules, known as "guidelines" or "grids," that are appended to the regulations. 20 C.F.R. Part 404, Subpart P, Appendix 2.

III.

The plaintiff has only developed one argument. The essence of that argument is that the law judge erred in finding that the claimant could have returned to work as a short order cook (Doc. 26, pp. 6-7). In this respect, she argues that the claimant's prior work is more properly defined as a "cook," which has a different definition in the Dictionary of Occupational Titles ("DOT") than "short order cook" (id., p. 7). This contention is meritless.

The claimant expressly described his occupation, on several occasions, as that of a "short order cook" earning $8.00 an hour in the restaurant business for eleven (11) years, from 1990 to 2001 (Tr. 71, 99, 100). Moreover, the claimant told a treating physician, as well as a mental health provider, that he had worked as a short order cook (Tr. 289, 364). In addition, the claimant's representative stated that "[t]he claimant has relevant past work as a short-order cook" (Tr. 53). Consequently, there certainly was substantial evidence supporting the finding that the claimant had been employed at that job.

The plaintiff argues further that it was error on the part of the law judge "to accept the job title as given by the claimant, rather than to investigate fully whether there was a position that more closely fit the claimant's description" (Doc. 26, p. 7). This contention is wholly unpersuasive.

The plaintiff has not provided any legal authority, or any cogent reason, why the law judge should not accept the claimant's own statements regarding his prior work. This is especially so in light of the confirmation by the plaintiff's representative that "[t]he claimant has past relevant work as a short-order cook" (Tr. 53).

Moreover, the argument ignores the principle that the plaintiff has the burden to prove that the claimant could not have returned to prior work as a short order cook. See Jackson v. Bowen, 801 F.2d 1291, 1293 (11th Cir. 1986). Consequently, if the plaintiff wished to demonstrate that the claimant had not worked previously as a short order cook, her attorney should have attempted to make such a showing at the administrative hearing.

The plaintiff suggests the claimant, as a short order cook, was required to lift more than the twenty-pound limit for light work (Doc. 26, p.

7). The claimant indicated that, at his particular job, he was required at times to help unload trucks and had to carry fifty pounds (Tr. 72, 100). Normally, he had to lift only five (Tr. 72), or ten, pounds (Tr. 100). While the fifty-pound lifting requirement may preclude the claimant from returning to his particular job as a short order cook, the DOT shows that the job of short order cook is in the category of light work as that job is practiced in the national economy (Tr. 107) ("Strength: L"). Jackson v. Bowen, supra, 801 F.2d at 1293-94, establishes that the plaintiff has to demonstrate that the claimant could not perform his former type of work and not merely that he cannot carry out his particular job. The plaintiff has failed to make such a showing.

For these reasons, the plaintiff's contention that the claimant did not work previously as a short order cook, and that his work should have been classified differently, lacks merit. The evidence clearly supports the law judge's finding that the claimant had worked as a short order cook.

The plaintiff also seems to hint at a contention that the claimant could not perform the full range of light work and therefore could not have returned to work as a short order cook (Doc. 26, p. 7). Because this suggestion was not meaningfully developed, it will be deemed abandoned.

The scheduling Order in this case expressly required that any contention "must be supported by citations to the record of the pertinent facts" (Doc. 18, p. 2). That requirement was not satisfied with respect to a contention that the claimant could not perform a full range of light work.

In any event, such a contention lacks merit, as the Commissioner has explained (Doc. 27, pp. 4-9). In particular, the claimant's last treating physician, Dr. Owen McCarthy, stated that the claimant "may work light duty" (Tr. 339). The law judge reasonably gave this opinion significant weight (Tr. 23). Especially in light of Dr. McCarthy's opinion, the plaintiff cannot show that the evidence compels a finding that the claimant could not perform a full range of light work. And, as indicated, the plaintiff has not even made a meaningful attempt at such a showing.

Finally, it is noted that the plaintiff makes an extended argument that the medical-vocational guidelines, which are also called the "grids," do not apply in this case (Doc. 26, pp. 8-9). The law judge, however, never indicated that they did. Accordingly, this boiler-plate argument is entirely misplaced.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner of Social Security is hereby AFFIRMED. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 3rd day of June, 2009.

*/s/ Thomas G. Wilson*
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE